Tadesse DEREJE, aka Aled Gwilym Huws, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70588.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 2005.

Decided Feb. 8, 2005.

Eric P. Lin, Esq., Law Offices of Carol L. Edward, Seattle, WA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, John A. Kolar, Joanne E. Johnson, Esq., Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, GOODWIN, and GRABER, Circuit Judges.

MEMORANDUM *

Tadesse Dereje, an Ethiopian citizen, petitions for review of the Board of Immi-

---

* This disposition is not appropriate for publica-    tion and may not be cited to or by the courts

gration Appeal's ("BIA") decision affirming the immigration judge's ("IJ") order denying his applications for political asylum, withholding of removal and relief under the Convention Against Torture. The IJ found that Dereje no longer had a well-founded fear of future persecution because Ethiopia had ceased deporting Eritreans. Because the IJ relied on substantial evidence to find changed circumstances, we deny the petition.

The Attorney General has discretion to grant an alien asylum if he is unable or unwilling to return to his country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); 8 U.S.C. § 1158(a) and (b)(1). Factual determinations in immigration cases, including assessments of changed country conditions, are reviewed under a substantial evidence test to determine whether they are " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *Lopez v. Ashcroft*, 366 F.3d 799, 802 (9th Cir.2004) (quoting *Ruano v. Ashcroft*, 301 F.3d 1155, 1159 (9th Cir.2002)).

■ Dereje's parents were deported by the Ethiopian government in 1999, due to their Eritrean ethnicity. In January 2000, Dereje received his own deportation notice. In denying Dereje's application for asylum, the IJ relied on a State Department Country Report from 2000 stating that 200,000 people of Eritrean ethnicity were still in Ethiopia and that deportations had ceased in June 2000. The record also includes an individualized letter from the State Department indicating that deportations stopped in June 2000. Moreover, Dereje was unable to present any evidence of continued deportations when asked by

the IJ about the information from the State Department. Because substantial evidence supports the BIA's determination that Dereje does not have a well founded fear of persecution if he were to return to Ethiopia, the BIA did not err by affirming the IJ's denial of his request for asylum. The BIA also did not err in holding that Dereje is not entitled to withholding of removal or relief under the Convention Against Torture.

■ Finally, Dereje has failed to establish prejudice arising out of the ineffective assistance of counsel. Although the document may have been mislabeled, his attorney filed a document that served the same purpose as an appeals brief and properly raised alleged legal errors committed by the IJ.

Petition DENIED.